Slip Op. 14 - 81

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHANGZHOU HAWD FLOORING CO., LTD., *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES,<br><br>      Defendant. | Before: Donald C. Pogue,<br>        Senior Judge<br><br>Court No. 12-00020 |

OPINION AND MEMORANDUM

[motion to intervene denied]

                                        Dated:    July 14, 2014

      Gregory S. Menegaz, J. Kevin Horgan, and John J. Kenkel, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiffs.

      Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Sarah M. Wyss, and Daniel R. Wilson, Mowry & Grimson, PLLC, of Washington, DC, for Plaintiff-Intervenor Fine Furniture (Shanghai) Ltd.

      H. Deen Kaplan, Hogan Lovells US LLP, of Washington, DC, for Plaintiff-Intervenor Armstrong Wood Products (Kunshan) Co., Ltd.

      Mark R. Ludwikowski, Arthur K. Purcell, Michelle L. Mejia, and Kristen Smith, Sandler, Travis & Rosenberg, PA, of Washington, DC, for Plaintiff-Intervenors Lumber Liquidators Services, LLC, and Home Legend, LLC.

      Ronald M. Wisla and Lizabeth R. Levinson, Kutak Rock, LLP, of Washington, D.C., for Movants Metropolitan Hardwood Floors, Inc., Baishan Huafeng Wooden Product Co., Ltd., Dalian Dajen Wood Co., Ltd., Dalian Kemian Wood Industry Co., Ltd., Dalian Penghong Floor Products Co., Ltd., Dasso Industrial Group Co., Ltd., Dunhua City Hongyuan Wood Industry Co., Ltd., Dunhua City Wanrong Wood Industry Co., Ltd., Fusong Jinlong Wooden

Group Co., Ltd., Guangzhou Panyu Southern Star Co., Ltd., HaiLin LinJing Wooden Products, Ltd., Hangzhou Hanje Tec Co., Ltd., Hunchun Forest Wolf Industry Co., Ltd., Huzhou Chenghang Wood Co., Ltd., Huzhou Fulinmen Imp. & Exp. Co., Ltd., Huzhou Fuma Wood Bus. Co., Ltd., Jianfeng Wood (Suzhou) Co., Ltd., Jilin Forest Industry Jinqiao Flooring Group Co., Ltd., Kemian Wood Industry (Kunshan) Co., Ltd., MuDanJiang Bosen Wood Industry Co., Ltd., Nakahiro Jyou Sei Furniture (Dalian) Co., Ltd., Shanghai Eswell Timber Co., Ltd., Shanghai Lizhong Wood Products Co., Ltd., Shanghai Shenlin Corporation., Shenyang Haobainian Wooden Co., Ltd., Shenzhenshi Huanwei Woods Co., Ltd., Suzhou Dongda Wood Co., Ltd., Xuzhou Shenghe Wood Co., Ltd., Zhejiang Dadongwu GreenHome Wood Co., Ltd., Zhejiang Longsen Lumbering Co., Ltd., and Zhejiang Shiyou Timber Co., Ltd.

      Alexander V. Sverdlov, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Defendant.  Appearing with him were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.  Of counsel was Shana Hofstetter, Attorney, International Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

      Jeffrey S. Levin, Levin Trade Law, P.C., of Bethesda, MD, for the Defendant-Intervenor.

      **Pogue**, **Senior Judge**: The motion before the court comes from numerous exporters of multilayered wood flooring manufactured in the People's Republic of China ("Movants"),[1] who

---

[1] Metropolitan Hardwood Floors, Inc., Baishan Huafeng Wooden Product Co., Ltd., Dalian Dajen Wood Co., Ltd., Dalian Kemian Wood Industry Co., Ltd., Dalian Penghong Floor Products Co., Ltd., Dasso Industrial Group Co., Ltd., Dunhua City Hongyuan Wood Industry Co., Ltd., Dunhua City Wanrong Wood Industry Co., Ltd., Fusong Jinlong Wooden Group Co., Ltd., Guangzhou Panyu Southern Star Co., Ltd., HaiLin LinJing Wooden Products, Ltd., Hangzhou Hanje Tec Co., Ltd., Hunchun Forest Wolf Industry Co., Ltd., Huzhou Chenghang Wood Co., Ltd., Huzhou Fulinmen Imp. & Exp. Co., Ltd., Huzhou Fuma Wood Bus. Co., Ltd., Jianfeng Wood (Suzhou) Co., Ltd., Jilin Forest Industry Jinqiao Flooring Group Co., Ltd., Kemian Wood Industry (Kunshan) Co., Ltd., MuDanJiang

(footnote continued)

seek Plaintiff-Intervenor status in Changzhou Hawd Flooring, Co. v. United States, Court Number 12-00020, pursuant to USCIT Rules 7(b) and 24(a)(3). Mot. to Intervene at 1. Defendant, the United States, and Defendant-Intervenor, the Coalition for American Hardwood Parity ("CAHP"), oppose the motion. Def.'s Resp. to the Mot. for Intervention, ECF No. 97; Def.-Intervenor's Oppo'n to Mot. to Intervene, ECF No. 94. Because Movants have not demonstrated good cause for the untimely filing of their motion to intervene, their motion is DENIED.

## BACKGROUND

On February 8, 2012, Plaintiffs filed their complaint in this action, challenging Commerce's determination in Multilayered Wood Flooring from the People's Republic of China, 76 Fed. Reg. 64,318 (Dep't Commerce Oct. 18, 2011) (final determination of sales at less than fair value) ("Final Determination"). Compl., ECF No. 9.[2] On June 13, 2014, more than

---

Bosen Wood Industry Co., Ltd., Nakahiro Jyou Sei Furniture (Dalian) Co., Ltd., Shanghai Eswell Timber Co., Ltd., Shanghai Lizhong Wood Products Co., Ltd., Shanghai Shenlin Corporation., Shenyang Haobainian Wooden Co., Ltd., Shenzhenshi Huanwei Woods Co., Ltd., Suzhou Dongda Wood Co., Ltd., Xuzhou Shenghe Wood Co., Ltd., Zhejiang Dadongwu GreenHome Wood Co., Ltd., Zhejiang Longsen Lumbering Co., Ltd., and Zhejiang Shiyou Timber Co., Ltd. Mot. to Intervene as Intervenor Pls. Pursuant to R. 24(a)(3), ECF No. 78 ("Mot. to Intervene") at Attachment 1.

[2] This action was subsequently consolidated with Court Numbers 11-00452, 12-00007, and 12-00013, under Consolidated Court Number 12-00007. Order May 31, 2012, Consol. Ct. No. 12-00007, ECF No. 37. Court Number 11-00452 was ultimately severed and
(footnote continued)

two years later,[3] Movants filed their motion to intervene pursuant to USCIT Rule 24(a)(3). Mot. to Intervene at 1.

## DISCUSSION

Under USCIT Rule 24(a)(3), movants may intervene as a matter of right[4] "no latter than 30 days after the date of

---

dismissed. Am. Order Nov. 27, 2012, Consol. Ct. No. 12-00007, ECF No. 75; Judgment, Ct. No. 11-00452, ECF No. 68; see Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, __ CIT __, 853 F. Supp. 2d 1290 (2012); Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, __ CIT __, 865 F. Supp. 2d 1300 (2012).

[3] In this time, the court has issued two decisions, Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, __ CIT __, 925 F. Supp. 2d 1332 (2013) and Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States, __ CIT __, 971 F. Supp. 2d 1333 (2014), resulting in two redeterminations from Commerce, Final Results of Redetermination Pursuant to Court Order, Consol. Ct. No. 12-00007, ECF No. 132, and Final Results of Redetermination Pursuant to Court Order, ECF No. 52. Following the first remand determination, Court Numbers 12-00007 and 12-00013 were severed and final judgment entered. Order Granting Mot. to Sever, Consol. Ct. No. 12-00007, ECF No. 162; Judgment, Ct. No. 12-00007, ECF No. 163; Judgment, Ct. No. 12-00013, ECF No. 32. These have since been appealed by Defendant-Intervenor CAHP. Appeal of Judgment, Ct. No. 12-00007, ECF No. 166; Appeal of Judgment, Ct. No. 12-00013, ECF No. 33.

[4] Where, as here, the court has jurisdiction under 28 U.S.C. § 1581(c) (2012) (all further citations to the U.S. Code are to the 2012 edition), intervention may be sought only as a matter of right. See 28 U.S.C. § 2631(j)(1)(B); USCIT Rule 24(a)(3); Ontario Forest Indus. Assoc. v. United States, 30 CIT 1117, 1130 n. 12, 444 F. Supp. 2d 1309, 1322 n. 12 (2006); Dofasco Inc. v. United States, 31 CIT 1592, 1594-95, 519 F. Supp. 2d 1284, 1286-87 (2007); U.S. Magnesium LLC v. United States, 31 CIT 792, 793 (2007). To intervene as a matter of right, Movants must be interested parties that were party to the underlying administrative proceedings. 28 U.S.C. § 2631(j)(1)(B). Movants, all separate rate respondents, are interested parties. See 28 U.S.C. § 2631(k)(1) (providing that "'interested party' has the
(footnote continued)

service of the complaint," or at such later time if good cause is shown. USCIT R. 24(a)(3).  It is uncontested that Movants have filed late. Mot. to Intervene at 2.  They must, therefore, show good cause for their delay.

Good cause is defined as "mistake, inadvertence, surprise or excusable neglect." USCIT R. 24(a)(3)(i).[5]  It is "at bottom," an equitable standard incorporating "all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993) (discussing the excusable neglect analysis). Relevant circumstances include "the danger of prejudice to the [non-movants], length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.[6]

---

meaning given such term in [19 U.S.C. § 1677(9)]); 19 U.S.C. § 1677(9)(A) (defining "interested party" to include "a foreign manufacturer, producer, or exporter . . . of subject merchandise").  They were also all party to the underlying investigation. See Final Determination at 64,323-24 (assigning separate rate to movants).  They may, therefore, timely intervene as a matter of right.

[5] Good cause may also be found if the delay is the result of "circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period." USCIT R. 24(a)(3)(ii).

[6] See Changzhou Hawd Flooring Co. v. United States, Slip Op. 14-60, 2014 WL 2210737, at *3-4 (CIT May 29, 2014), for further discussion of use of this standard.

Here, the likely prejudice to the non-movants is minimal, as Movants "do not seek to raise any new legal or factual issue not already brought before the court,"[7] and some prejudice to the Movants is probable, as, without intervention, they will be denied "the benefit of the separate rate" that results from this litigation. Mot. to Intervene at 3. However, the length of the delay — over two years with two CIT opinions and two redeterminations by Commerce issued in that time[8] — is substantial. The Movants allege that they have intervened now because "for the first time, the very important issue of what the new separate rate should be, and to whom it should apply, has arisen." Mot. to Intervene at 2. The reason they provide for their delay is that they could not, in good faith, have "reasonably predicted" that the litigation would take this direction. Id. But Plaintiffs initiated this action to represent the interests of the separate rate respondents in the course of this litigation. Compl. at 1. The separate rate has been at issue, whether directly or indirectly, throughout.

---

[7] See Home Products Int'l, Inc. v. United States, 31 CIT 1706, 1708, 521 F. Supp. 2d 1382, 1385 (2007) (finding little prejudice to non-moving parties given the restricted, supporting role an intervenor takes); Silver Reed Am., Inc. v. United States, 9 CIT 1, 7, 600 F. Supp. 852, 857 (1985) (finding no prejudice to non-moving parties where moving party "does not seek to raise any new issues or to otherwise interfere with the progress of the litigation.").

[8] See supra note 3

Movants had notice of the substantive issues raised because they were full participants in the administrative proceedings below.

As Movants state, the "impetus behind [their] Motion" is the sudden "viable possibility" for "the separate rate companies to achieve a zero rate." Mot. to Intervene at 2.  This suggests not so much good cause, as strategic timing, "a conscious decision not to intervene timely." See Siam Food Products Pub. Co., Ltd. v. United States, 22 CIT 826, 830, 24 F. Supp. 2d 276, 280 (1998).  Allowing such opportunistic intervention would "render the actual time limit [of USCIT Rule 24(a)(3)] superfluous." Id., 22 CIT at 830, 24 F. Supp. 2d at 281.[9]  Accordingly, Movants have not established good cause sufficient to excuse their delay. Cf. Geum Poong Corp. v. United States, 26 CIT 908, 909, 217 F. Supp. 2d 1342, 1343-44 (2002) (finding that a party cannot intervene two years late without good cause "because the litigation is now leaning its way").

---

[9] Movants would liken their motion to intervene to that of Armstrong Wood Products (Kunshan) Co., Lumber Liquidators Services, LLC, and Home Legend, LLC (collectively "Armstrong"). Mot. to Intervene at 3; Defendants' Motion to Re-Designated as Intervenor Plaintiffs, Consol. Ct. No. 12-00007, ECF No. 160. However, Movants do not share in Armstrong's unique circumstance. Armstrong had fully participated as a Defendant-Intervenor and had been treated by the non-moving parties as if already a Plaintiff-Intervenor. Changzhou Hawd Flooring, 2014 WL 2210737, at *4. Movants here did not so participate and have not been so treated.

## CONCLUSION

Because Movants have failed to show good cause for their delay in filing, their motion to intervene as Plaintiff-Intervenors is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Pogue
Donald C. Pogue, Senior Judge

Dated: July 14, 2014
       New York, NY