Slip Op. 14 - 95

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHANGZHOU HAWD FLOORING CO., LTD., *et al.*, Plaintiffs, v. UNITED STATES, Defendant. | Before: Donald C. Pogue, Senior Judge Court No. 12-00020 |

OPINION and ORDER

[motion for voluntary remand granted]

Dated:   August 14, 2014

Gregory S. Menegaz, J. Kevin Horgan, and John J. Kenkel, deKieffer & Horgan, PLLC, of Washington, DC, for the Plaintiffs.

Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Sarah M. Wyss, and Daniel R. Wilson, Mowry & Grimson, PLLC, of Washington, DC, for Plaintiff-Intervenor Fine Furniture (Shanghai) Ltd.

H. Deen Kaplan, Craig A. Lewis, and Mark S. McConnell, Hogan Lovells US LLP, of Washington, DC, for Plaintiff-Intervenor Armstrong Wood Products (Kunshan) Co., Ltd.

Mark R. Ludwikowski, Arthur K. Purcell, Michelle L. Mejia, Kristen Smith, and Lana Nigro, Sandler, Travis & Rosenberg, PA, of Washington, DC for Plaintiff-Intervenors Lumber Liquidators Services, LLC, and Home Legend, LLC.

Alexander V. Sverdlov, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant.  With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.  Of counsel was Shana Hofstetter, Attorney, International Office of

the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

**Pogue, Senior Judge:** Before the court is Defendant's motion for voluntary remand in this challenge to an antidumping duty determination. Def.'s Mot. for a Voluntary Remand, ECF No. 92 ("Mot. for Voluntary Remand").[1]  Specifically, the United States Department of Commerce ("Commerce") seeks a partial remand "to determine whether it should conduct a 'limited' investigation of the eight separate rate [P]laintiffs." Id. at 1.  Plaintiffs and Plaintiff-Intervenors oppose Commerce's request.[2]  Because Commerce's concern is substantial and legitimate, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiffs, all separate rate respondents in the underlying administrative proceedings, challenge Commerce's determination of their antidumping duty deposit rate in

---

[1] The court has jurisdiction pursuant to § 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012) and 28 U.S.C. § 1581(c) (2012).  All further citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, 2012 edition.

[2] Pls.' Opp'n to U.S. Mot. for Voluntary Remand Re Second Remand Redetermination, ECF No. 102 ("Pls. Opp'n"); Resp. of Fine Furniture (Shanghai) Ltd to Def.'s Mot. for a Voluntary Remand, ECF No. 99 ("Fine Furniture Opp'n"); Pl.-Intervenor Armstrong's Br. in Opp'n to Def.'s Mot. for Voluntary Remand, ECF No. 100 ("Armstrong Opp'n"); Resp. of Lumber Liquidators Services, LLC in Opp'n to Def.'s Mot. for Voluntary Remand, ECF No. 101 ("Lumber Liquidators Opp'n").

<u>Multilayered Wood Flooring from the People's Republic of China</u>,

76 Fed. Reg. 64,318 (Dep't Commerce Oct. 18, 2011) (final

determination of sales at less than fair value). Compl.,

ECF No. 9 at ¶3.[3]  Litigation of this matter has thus far

produced two court opinions[4] and two corresponding

redeterminations by Commerce.[5]  In the second redetermination,

rather than recalculate the separate rate for all separate rate

respondents, Commerce assigned seven of the Plaintiffs[6] either

---

[3] Plaintiffs' action was previously consolidated with Court
Numbers 11-00452, 12-00007, and 12-00013, under Consolidated
Court Number 12-00007. Order, May 31, 2012, Consol. Ct. No. 12-
00007, ECF No. 37.  Court Number 11-00452 was ultimately severed
and dismissed. Am. Order Nov. 27, 2012, Consol. Ct. No. 12-
00007, ECF No. 75; Judgment, Ct. No. 11-00452, ECF No. 68; <u>see</u>
<u>Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States</u>, __
CIT __, 853 F. Supp. 2d 1290 (2012); <u>Baroque Timber Indus.</u>
<u>(Zhongshan) Co., Ltd. v. United States</u>, __ CIT __, 865 F. Supp.
2d 1300 (2012).

[4] <u>Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States</u>,
___ CIT ___, 925 F. Supp. 2d 1332 (2013) ("<u>Baroque III</u>") and
<u>Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States</u>, __
CIT __, 971 F. Supp. 2d 1333 (2014) ("<u>Baroque IV</u>").

[5] Final Results of Redetermination Pursuant to Ct. Order, Consol.
Ct. No. 12-00007, ECF No. 132, and Final Results of
Redetermination Pursuant to Ct. Order, ECF No. 52
("<u>2d Redetermination</u>").  Following the first remand
determination, Court Numbers 12-00007 and 12-00013 were severed
and final judgment entered. Order Granting Mot. to Sever,
Consol. Ct. No. 12-00007, ECF No. 162; Judgment, Ct. No. 12-
00007, ECF No. 163; Judgment, Ct. No. 12-00013, ECF No. 32.
These have since been appealed by Defendant-Intervenor CAHP.
Appeal of Judgment, Ct. No. 12-00007, ECF No. 166; Appeal of
Judgment, Ct. No. 12-00013, ECF No. 33.

[6] Fine Furniture Shanghai, Ltd.; Dunhua City Jisen Wood Industry
Co., Ltd; Dunhua City Dexin Wood Industry Co., Ltd; Dalian
(footnote continued)

the rate established for them in the first administrative review

of the antidumping duty order or their previously determined

provisional measure cap rate.[7]  Commerce initiated an individual

investigation for the remaining eighth Plaintiff,[8] as that

company was not included in the first administrative review and

Commerce did not have enough data on the record to calculate a

rate reflective of that company's economic reality.

2d Redetermination at 7-9.[9]  This redetermination was challenged

in extensive briefing before the court.[10]

---

Huilong Wooden Products Co.; Kunshan Yingyi-Nature Wood Industry
Co., Ltd.; Armstrong Wood Products (Kunshan) Co., Ltd.; and
Karly Wood Product Ltd. 2d Redetermination at 1-2, 7-8.

[7] Commerce cites Multilayered Wood Flooring from the People's
Republic of China, 78 Fed. Reg. 70,267 (Dep't Commerce Nov. 25,
2013) (preliminary results of antidumping duty administrative
review; 2011-2012) for the first administrative review. See 2d
Redetermination at 7 n.21, 9 n.30.  Commerce has since issued
Multilayered Wood Flooring from the People's Republic of China,
79 Fed. Reg. 26,712 (Dep't Commerce May 9, 2014) (final results
of antidumping duty administrative review; 2011-2012) and
Multilayered Wood Flooring from the People's Republic of China,
79 Fed. Reg. 35,314 (Dep't Commerce June 20, 2014) (amended
final results of antidumping duty administrative review; 2011-
2012).

[8] Changzhou Hawd Flooring Co.

[9] Changzhou Hawd subsequently filed a petition for a writ of
mandamus to compel Commerce (in the person of Penny S. Pritzker,
Secretary of the U.S. Department of Commerce) to refrain from
proceeding with its intended individual investigation.
Pl. Changzhou Hawd Flooring Co., Ltd. Pet. for Writ of Mandamus,
ECF No. 71.  As Commerce has agreed to suspend the deadlines for
Changzhou Hawd's individual investigation, Letter re Changzhou
Hawd's Questionnaire Deadline, ECF No. 82, and now seeks
voluntary remand to reconsider whether it should conduct a full
(footnote continued)

Commerce now requests a partial voluntary remand "to determine whether it should conduct a 'limited' investigation of the eight separate rate [P]laintiffs," rather than a full investigation of just one Plaintiff. Mot. for Voluntary Remand, ECF No. 92 at 1.

### DISCUSSION

Commerce "may request a remand (without confessing error) in order to reconsider its previous position." SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001). While the court will deny a request that is "frivolous or in bad faith," if Commerce's concern is "substantial and legitimate, a

---

individual investigation of Changzhou Hawd at all, Mot. for Voluntary Remand, ECF No. 92, Changzhou Hawd's petition for writ of mandamus is DENIED AS MOOT.

[10] See Comments of Certain Separate Rate Appellants to Second Remand Redetermination, ECF No. 69 ("Pls. Comments"); Comments of Def.-Intervenor Re Dep't of Commerce Final Results of Redetermination Pursuant to Remand, ECF No. 73; Comments of Fine Furniture (Shanghai) Ltd. on Dep't of Commerce May 30, 2014 Final Result of Redetermination Pursuant to Ct. Order, ECF No. 74 ("Fine Furniture Comments"); Comments in Opp'n to Dep't of Commerce May 29, 2014 Final Results of Redetermination Pursuant to Ct. Remand, ECF No. 75 ("Armstrong Comments"); Resp. of Lumber Liquidators Services, LLC in Opp'n to U.S. 2d Remand Redetermination, ECF No. 76; Reply to Comments of Def.-Intervenor Re Dep't of Commerce Final Results of Redetermination Pursuant to Remand, ECF No. 89; Reply Comments of Lumber Liquidators Services, LLC in Opp'n to the U.S. 2d Remand Redetermination, ECF No. 90; Reply Comments of Fine Furniture (Shanghai) Ltd. on Dep't of Commerce May 30, 2014 Final Result of Redetermination Pursuant to Ct. Order, ECF No. 91; Reply Comments of Def.-Intervenor Re Dep't of Commerce Final Results of Redetermination Pursuant to Remand, ECF No. 93.

remand is usually appropriate." <u>Id.</u>  A concern is substantial

and legitimate when (1) Commerce has a compelling justification,

(2) the need for finality does not outweigh that justification,

and (3) the scope of the request is appropriate. <u>Baroque III</u>, __

CIT at __, 925 F. Supp. 2d at 1338-39.[11]

      Here, Commerce has a compelling justification in that

it doubts the correctness of its decision not to calculate rates

for seven separate rate respondents and to individually

investigate an eighth. <u>See</u> Mot. for Voluntary Remand, ECF No. 92

at 2; <u>see</u> <u>SKF</u>, 254 F.3d at 1029 (when requesting remand,

Commerce "might simply state that it had doubts about the

correctness of its decision").[12]  This doubt is not outweighed by

the need for finality in the present context, i.e., "a routine

appeal of a final determination." <u>See</u> <u>Baroque III</u>, ___ CIT at

___, 925 F. Supp. 2d at 1339 (finding that dumping margin

accuracy outweighed finality in the context of a routine

---

[11] <u>See also</u> <u>Ad Hoc Shrimp Trade Action Comm. v. United States</u>, __
CIT __, 882 F.Supp.2d 1377, 1381 (2013); <u>Shakeproof Assembly</u>
<u>Components Div. of Ill. Tool Works, Inc. v. United States</u>, 29
CIT 1516, 1522-26, 412 F. Supp. 2d 1330, 1336-39 (2005); <u>Timken</u>
<u>Co. v. United States</u>, Slip Op. 14-51, 2014 WL 1760033 at *3 (CIT
May 2, 2014).

[12] <u>Cf.</u> <u>SeAH Steel Corp. v. United States</u>, __ CIT __, 704 F. Supp.
2d 1353, 1378-79 (2010) (granting a voluntary remand where "the
record [was] currently inadequate to allow Commerce to apply its
expertise")(internal citation and quotation marks omitted).

appeal).[13]  Given Commerce's doubt, the scope of the remand, to

determine whether limited individual investigations of the

Plaintiffs is a viable alternative, is also appropriate.[14]

Accordingly, Commerce's concern is substantial and legitimate,

and remand is appropriate.[15]

---

[13] Plaintiffs and Plaintiff-Intervenors express legitimate
concern about possible prejudicial delay. See Pls. Opp'n,
ECF No. 102 at 7-8; Fine Furniture Opp'n, ECF No. 99 at 3;
Armstrong Opp'n, ECF No. 100 at 4; Lumber Liquidators Opp'n, ECF
No. 101 at 4.  However, the delay here is that of a routine
appeal. Compare Shakeproof Assembly, 29 CIT at 1523-24, 412 F.
Supp. 2d at 1337-38) (where a voluntary remand in the course of
a "routine appeal" of an antidumping determination did not
"present any unusually serious finality concerns") with Former
Empls. of BMC Software, Inc. v. U.S. Sec'y of Labor, 30 CIT
1315, 1354, 454 F. Supp. 2d 1306, 1341 (2006) (where the
Department of Labor waited for appeal and then sought voluntary
remand "to belatedly conduct the thorough probe to which all
petitioning workers are entitled by law at the administrative
level") (emphasis omitted).  Moreover, rather than grant the 90
days Commerce requests to submit its remand results, Mot. for
Voluntary Remand, ECF No. 92 at 2, the court grants 60 days.

[14] Plaintiffs and Plaintiff-Intervenors balk at the burden a
limited investigation may impose on them. See Pls. Opp'n, ECF
No. 102 at 3-4, 9; Fine Furniture Opp'n, ECF No. 99 at 6-7;
Armstrong Opp'n, ECF No. 100 at 4; Lumber Liquidators Opp'n, ECF
No. 101 at 3.  This would be more persuasive if they had not
been arguing for some sort of individualized review just prior
to Commerce's motion for voluntary remand. See Pls. Comments,
ECF No. 69 at 4, 18; Fine Furniture Comments, ECF No. 74 at 9-
10; Armstrong Comments, ECF No. 75 at 5, 10.

[15] Plaintiffs and Plaintiff-Intervenors would have the court
instruct Commerce that the only "reasonable method" to calculate
the separate rate is to average the "dumping margins determined
for the exporters and producers individually investigated,"
i.e., the mandatory respondents, resulting in a de minimis rate.
19 U.S.C. § 1673d(c)(5)(B); see Pls. Opp'n, ECF No. 102 at 2-3;
Fine Furniture Opp'n, ECF No. 99 at 4; Armstrong Opp'n, ECF No.
100 at 1, 4-6; Lumber Liquidators Opp'n, ECF No. 101 at 1, 4.
                                        (footnote continued)

## CONCLUSION

Because Defendant has shown that Commerce's concern is substantial and legitimate, its motion for voluntary remand is GRANTED.  Remand results shall be filed by October 14, 2014. Comments may be filed by October 28, 2014.  Replies may be filed by November 12, 2014.

IT IS SO ORDERED.

/s/ Donald C. Pogue
Donald C. Pogue, Senior Judge

Dated: August 14, 2014
       New York, NY

---

However, the court has already decided this matter in Baroque IV, __ CIT at __, 971 F. Supp. 2d at 1340-41 (finding that "it is not *per se* unreasonable for Commerce to use a simple average of *de minimis* and AFA rates to calculate the separate rate antidumping duty margin").  Plaintiffs and Plaintiff-Intervenors accuse Commerce of taking a results-oriented approach and of only seeking remand for another chance to rationalize an above *de minimis* separate rate. Fine Furniture Opp'n, ECF No. 99 at 5; Armstrong Opp'n, ECF No. 100 at 5; Lumber Liquidators Opp'n, ECF No. 101 at 3.  But for Commerce "[t]he power to reconsider is inherent in the power to decide," Tokyo Kikai Seisakusho, Ltd. v. United States, 529 F.3d 1352, 1360 (Fed. Cir. 2008) (citation omitted) and "[g]overnment officials are presumed to carry out their duties in good faith and proof to the contrary must be almost irrefragable to overcome that presumption," Clemmons v. West, 206 F.3d 1401, 1403-04 (Fed. Cir. 2000) (citation omitted), such that voluntary remand presently remains appropriate.